1  BRIGGS LAW OFFICE
   JEFFREY C. BRIGGS (No. 100369)
2  6464 Sunset Blvd.
   Suite 715
3  Hollywood, CA  90028
   Phone:  (323) 461-5400
4  Fax:     (323) 908-7275
   Email:   jbriggs@jbriggslaw.com
5
   Attorney for Defendant and Counterclaimant
6  Firestone Walker, LLC

7

8              **UNITED STATES DISTRICT COURT**

9         **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11 | WIN IT TOO, INC., etc.,              | CASE NO. 2:13-CV-09052-MMM-E |
12 |           Plaintiff,                  |                              |
   |                                       | **DEFENDANT FIRESTONE**      |
13 |     vs.                               | **WALKER, LLC'S ANSWER TO**  |
   |                                       | **COMPLAINT, AND**           |
14 | FIRESTONE WALKER, LLC, etc., et al., | **COUNTERCLAIM**             |
15 |           Defendants.                 | **DEMAND FOR JURY TRIAL**    |
16 | _____       |                              |
17 | FIRESTONE WALKER, LLC,                |                              |
18 |           Counterclaimant,            |                              |
19 |     vs.                               |                              |
20 | WIN IT TOO, INC.,                     |                              |
21 |           Counterclaim Defendant.     |                              |

22

23

24     Defendant and Counterclaimant Firestone Walker, LLC ("("Firestone"),
25 answers the complaint of Plaintiff Win It Too, Inc. ("WIT") and alleges its
26 counterclaim against WIT, as follows:
27
28

# ANSWER

1. Answering paragraphs 1-3 of the Complaint concerning jurisdiction and venue, Firestone admits that the Complaint purports to seek relief under the Lanham Act and under the common law of unfair competition, that this Court has subject matter jurisdiction over the alleged federal and state claims for relief, and that venue is proper in this District, but denies that WIT is entitled to any relief under any such claims, that any acts or omissions or other conduct of Firestone support any of the alleged claims for relief, and any other allegation contained in or implied by any such paragraphs. Firestone further denies that WIT is a proper plaintiff on the grounds that Firestone is informed and believes and on that basis alleges that WIT's corporate status in California is presently suspended, and Firestone alleges that WIT therefore lacks the capacity to sue and that this Court lacks subject matter jurisdiction over WIT with respect to its claims for relief alleged herein.

2. Answering paragraph 4 of the Complaint, Firestone is informed and believes that WIT at some point was a corporation organized and existing under the laws of the State of California, but is informed and believes and on that basis alleges that that WIT presently is suspended by the California Secretary of State and therefore lacks the capacity to sue in this Court. Firestone lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in or implied by such paragraph, and on that basis denies them.

3. Answering paragraph 5 of the Complaint, Firestone denies it is a limited liability "corporation," admits it is a California limited liability company, denies that its principal place of business is in Buellton, California, and alleges that its principal place of business is in Paso Robles, California..

4. Answering paragraphs 6 - 8 of the Complaint, Firestone admits that WIT purports to sue fictitiously named defendants in addition to Firestone, and understands that WIT will seek to add the names of such additional purported

defendants in the future, but denies that WIT is entitled to any relief from any such fictitiously named defendants under any such claims insofar as they have any connection to Firestone, that any acts or omissions or other conduct of any person or entity connected with Firestone support any of the alleged claims for relief against Firestone, that any conduct of any person or entity connected with Firestone has caused WIT any damage, and any other allegation contained in or implied by any such paragraphs.  Furthermore, in answering the complaint, Firestone is responding for itself alone, regardless of any plural references to "defendants" in the complaint.

  5.  Answering paragraph 9 of the complaint, Firestone denies that "Global Beer Network" by itself is a federally registered trademark owned by WIT, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in or implied by such paragraph and on that basis denies them.

  6.  Answering paragraph 10 of the complaint, Firestone admits the existence of the described " '912 Registration" and that true copy of same is attached to the complaint as Exhibit A, but denies that it was properly issued, alleges it should be cancelled as set forth in Firestone's counterclaim submitted herewith, and on information and belief denies that WIT has used the alleged "Living Beer" mark continuously and exclusively and that it is an inherently distinctive and strong mark in association with WIT's goods.  Firestone lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in or implied by such paragraph and on that basis denies them.

  7.  Answering paragraph 11 of the complaint, Firestone denies the allegations contained therein.

  8.  Answering paragraph 12 of the complaint, Firestone lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in or implied by such paragraph and on that basis denies them.

9. Answering paragraph 13 of the complaint, Firestone admits the allegations contained therein.

10. Answering paragraph 14 of the complaint, Firestone denies that it ever was or is aware of WIT"s alleged use of "Living Beer" as a trademark, but admits that as of on or about March 21, 2013, it was aware of the '912 Registration and its contents. Firestone lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in or implied by such paragraph and on that basis denies them.

11. Answering paragraph 15 of the complaint, Firestone admits that on or about March 21, 2013, Adam Firestone contacted WIT about Firestone's use of "We Are Living Beer" in connection with the sale of Firestone beer products, and that subsequent discussions occurred and emails were exchanged, that WIT requested Firestone to begin the process of ending its use of "We Are Living Beer," and that WIT declined to sell its '912 Registration to Firestone. Firestone denies the remaining allegations contained in or implied by such paragraph and on that basis denies them.

12. Answering paragraph 16 of the complaint, Firestone denies the allegations contained therein.

13. Answering paragraph 17 of the complaint, Firestone lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding when WIT first learned of Firestone's use of "We Are Living Beer" and on that basis denies said allegation. Firestone admits that it received a letter from WIT in writing that speaks for itself, but denies any allegation or implication in this paragraph that the letter says anything more than what appears on its face. Firestone admits that it has used "We Are Living Beer" in connection with the sale and advertisement of its goods in various media, but alleges that it has discontinued further printing of materials containing such phrase. Firestone denies any remaining allegations contained in or implied by such paragraph and on that basis

denies them.

14. Answering paragraphs 18-20 of the complaint, Firestone denies the allegations contained therein.

15. Answering paragraph 21 of the complaint, Firestone incorporates by reference its answers to paragraphs 1-20 above, as if set forth in full.

16. Answering paragraph 22 of the complaint, Firestone admits the existence of the registration for "Living Beer" and that it was issued to WIT, but denies that it was properly issued and alleges it should be cancelled as set forth in Firestone's counterclaim submitted herewith.

17. Answering paragraph 23 of the complaint, Firestone denies the allegations contained therein.

18. Answering paragraph 24 of the complaint, Firestone admits the allegations contained therein.

19. Answering paragraph 25 of the complaint, Firestone admits the allegation contained therein, but denies that WIT's authorization is required.

20. Answering paragraphs 26-31 of the complaint, Firestone denies the allegations contained therein.

21. Answering paragraph 32 of the complaint, Firestone incorporates by reference its answers to paragraphs 1-31 above, as if set forth in full.

22. Answering paragraphs 33-39 of the complaint, Firestone denies the allegations contained therein.

23. Answering paragraph 40 of the complaint, Firestone incorporates by reference its answers to paragraphs 1-39 above, as if set forth in full.

24. Answering paragraphs 41-42 of the complaint, Firestone denies the allegations contained therein.

25. Answering paragraph 43 of the complaint, Firestone lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in or implied by such paragraph and on that basis denies it.

26. Answering paragraphs 44-49 of the complaint, Firestone denies the allegations contained therein.

### FIRST SEPARATE AND ADDITIONAL DEFENSE

1. Firestone's use of "We Are Living Beer" in connection with the sale and advertisement of its goods is a fair use of a descriptive term and all claims for relief are batted in whole or in part by the by the doctrines of fair use, nominative fair use, and/or descriptive use.

### SECOND SEPARATE AND ADDITIONAL DEFENSE

2. WIT's federal registration for "Living Beer" was issued in error and based on false statements to the US Patent and Trademark Office as more fully set forth in Firestone's counterclaim submitted herewith, and therefore should be cancelled.

### THIRD SEPARATE AND ADDITIONAL DEFENSE

3. WIT is estopped from asserting its claims for relief, because others have used and continue to use the phrase to describe their own beer products.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

4. WIT is precluded from asserting its claims for relief under the doctrine of unclean hands as more fully set forth in Firestone's counterclaim submitted herewith.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE

5. WIT is precluded from asserting its claims for relief because its corporate status, and thus its capacity to sue in this Court, has been suspended.

### SIXTH SEPARATE AND ADDITIONAL DEFENSE

6. The alleged mark upon which all claims are asserted is or has become generic and or lack secondary meaning.

# COUNTERCLAIM

Firestone Walker, LLC ("Firestone") alleges as follows for its counterclaim against Win It Too, Inc. ("WIT"):

## JURISDICTION AND VENUE

1. This counterclaim arises under the Lanham Act, specifically 15 USC § 1119, which provides in pertinent part that in any action involving a registered mark, the court may determine the right to registration, order the cancellation of a registration in whole or in part, and otherwise rectify the federal trademark register with respect to the registration of any party to the action..

2. This Court has subject matter over this action pursuant to 15 USC §§ 1119 and 1121.

3. Venue is proper in this District pursuant to 28 USC §§ 1391(b)(1),(2), and/or (3) in that, on information and belief, WIT resides in this District under 28 USC § 1391(c)(2), a substantial part of the events or omissions giving rise to the claim arose in this District, and WIT has subjected itself, by its own action on file herein, to the personal jurisdiction of the court in this District.

## PARTIES

4. Firestone is a limited liability company organized and existing under the laws of the State of California, having its principal place of business in Paso Robles, California.

5. On information and belief, WIT is a corporation organized and existing under the laws of the State of California, currently suspended by the California Secretary of State.

## FIRST CLAIM FOR RELIEF
(Cancellation and Declaratory Relief)

6. On or about September 8, 2008, WIT filed an application with the US Patent and Trademark Office ("USPTO") for an alleged mark "Living Beer" on an intent to use basis, and subsequently submitted alleged specimens of use alleging a

first use anywhere, and a first use in commerce, on April 1, 2009. A registration was issued for said alleged mark on August 4, 2009.

7. WIT has sued Firestone for alleged infringement of the alleged mark "Living Beer" and demanded that Firestone cease all use of same and account to WIT for its profits from the sale of beer under the slogan "We Are Living Beer."

8. On information and belief, Firestone alleges that the specimen of use submitted by WIT in support of its "Living Beer" trademark application was not a proper specimen of use of said alleged mark as a trademark, to wit, it was merely graphic art not displayed on a container for the goods, not displayed on an actual label that was on the goods as packaged, and not otherwise disseminated to the public, and thus did not show use of the mark in the ordinary course of trade on the actual goods sold or transported in commerce.

9. On information and belief, Firestone alleges that WIT had not then and has not since used said alleged mark in commerce as a trademark, via the submitted specimen or otherwise.

10. On information and belief, Firestone alleges that the term "Living Beer" as applied to "beer" products is merely descriptive as to a certain style of beer and beer-making and thus not subject to appropriation by any one seller of beer, has not been used exclusively by WIT, lacks secondary meaning, and is or has become generic.

11. Consequently, WIT's application and subsequent filings contained false representations to the USPTO regarding its alleged use of the subject alleged mark in commerce and as a trademark.

12. On information and belief, Firestone alleges that WIT knew its representations to the USPTO regarding WIT's use of the subject alleged specimen and mark in commerce, WIT's exclusive use thereof with respect to beer, and the non-descriptive/non-generic nature of the subject alleged mark, all were false, were intended to deceive the USPTO, and were intended to induce the USPTO's reliance

on the representations in order to secure registration of the subject alleged mark.

13. On information and belief, Firestone alleges that the USPTO relied on WIT's false representations in registering the subject alleged mark, and in the absence of such false representations would not have issued the registration.

14. On information and belief, Firestone alleges that to the extent WIT ever held a valid registration in the subject alleged mark, it abandoned it due to non-use for a period of at least three years and with the intent not to resume use, and otherwise through a course of conduct that has caused the mark to lose all significance as a mark or indicator of source or origin of WIT's products.

15. Firestone has been and continues to be damaged by WIT's false representations to the USPTO and the registration and maintenance of the subject alleged mark.

16. An actual controversy exists as to whether WIT has any rights in the subject alleged mark.

## PRAYER FOR RELIEF

WHEREFORE, Firestone prays for relief as follows:

1. On WIT's complaint, that WIT take nothing and that the Court enter judgment for Firestone;

2. On Firestone's counterclaim, that the Court enter judgment for Firestone, order cancellation of WIT's registration of the alleged mark "Living Beer," and declare that WIT has no rights in and to said mark;

3. That the Court declare this to be an exceptional case and award Firestone its full costs and reasonable attorney fees pursuant to 15 USC § 1117; and

///
///
///
///

4. That Firestone be awarded any and all such other relief as this Court may deem just and proper.

Dated: January 31, 2014

JEFFREY C. BRIGGS
BRIGGS LAW OFFICE

By:/s/ _____
    Jeffrey C. Briggs
Attorney for Defendant and
Counterclaimant Firestone Walker, LLC

DEMAND FOR JURY TRIAL

Defendant and counterclaimant Firestone Walker, LLC, demands a jury trial with respect to all issues so triable.

Dated: January 31, 2014

JEFFREY C. BRIGGS
BRIGGS LAW OFFICE

By: /s/_____
        Jeffrey C. Briggs
Attorney for Defendant and
Counterclaimant Firestone Walker, LLC