# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| WIN-IT-TOO, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>FIRESTONE WALKER, LLC, a California limited liability company; and DOES 1 through 10,<br><br>　　　　Defendants. | **CASE NO. 2:13-CV-9052-MMM (Ex)**<br><br>**CONSENT JUDGMENT** |
| FIRESTONE WALKER, LLC,<br><br>　　　　Counter-Claimant<br><br>　vs.<br><br>WIN-IT-TOO, INC.,<br><br>　　　　Counter-Defendant | |

## PRELIMINARY FACTS

1. This Court has jurisdiction over the parties and the subject matter of this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338.

2. Plaintiff Win-It-Too, Inc. (hereinafter "Plaintiff" or "WIT") filed its Complaint in this action on December 6, 2013. The Complaint alleges that Plaintiff does business as *Global Beer Network*® and that Plaintiff owns the federally registered trademark LIVING BEER® in connection with beer and related goods, U.S. Reg. No. 3,664,912, issued August 4, 2009 ("'912 Registration"). Plaintiff further alleges it has been using the trademark LIVING BEER in interstate commerce since at least as early as June 1997, in connection with beer and related goods.

3. The Complaint alleges that sometime in 2013, Defendant Firestone Walker LLC ("Defendant" or "Firestone Walker") began using the trademark "WE ARE LIVING BEER" in connection with the advertisement and offering for sale of beer and related goods. In its Complaint, Plaintiff asserts three claims for relief against Defendant arising from Defendant's use of a "WE ARE LIVING BEER" mark: (1) Infringement of Plaintiff's federally registered trademark LIVING BEER®, under 15 U.S.C. § 1114; (2) Federal Unfair Competition, under 15 U.S.C. § 1125(a); and (3) Unfair Competition under the common law. Defendant filed an Answer to the Complaint on February 4, 2014. Its Answer is combined with a Counterclaim [Docket #16]. The Counterclaim seeks cancellation of the '912 Registration, a declaration that Plaintiff does not own rights in its LIVING BEER trademark, and related relief. On February 25, 2014, Plaintiff filed its Answer to the Counterclaim [Docket #18].

4. Following settlement conferences with Magistrate Judge Carla M. Woehrle conducted on July 18, 2014 and October 8, 2014, and a "mediator's proposal" by Judge Woehrle, the parties have agreed to settle their disputes by way of

a confidential settlement agreement.  One of the terms of that agreement is the Consent Judgment set forth herein.

## ORDER AND FINAL JUDGMENT

Pursuant to the stipulation filed by the parties, it is hereby ordered, adjudged and decreed that the Court's prior orders terminating this case (upon notice of settlement, subject to re-opening) are set aside; final judgment is hereby entered for Plaintiff on its Complaint; and the Counterclaim is dismissed with prejudice.  The terms of final judgment consented to by the parties, and entered by the Court, are the following:

1. Defendant Firestone Walker, and its officers, agents, servants, employees, attorneys, and other persons in active concert or participation with anyone described in this provision, shall cease all use of a "WE ARE LIVING BEER" mark, brand, slogan and name in any way, including on products, labels, beer caps, beer bottles and cans, packaging, containers, tap handles, banners, trade show displays, delivery and sales vehicles, merchandise, advertising and promotional materials, including electronic and digital uses such as websites.  In addition, Defendant Firestone Walker and those other persons listed above shall not adopt, make use of, or seek to register a trademark, brand or trade name in commerce in any way, including on products, labels, beer caps, beer bottles and cans, packaging, containers, tap handles, banners, trade show displays, delivery and sales vehicles, merchandise, advertising and promotional materials, including electronic and digital uses such as websites, whose formative or component terms include the term "LIVING BEER" (or any foreign equivalent) or which otherwise in any respect is likely to cause confusion with Plaintiff's "LIVING BEER" trademark.

2.      Nothing in this Order shall require Firestone Walker to recall any product that was, prior to October 8, 2014, already distributed to persons or entities who are independent and not under the control of Firestone Walker.

3.      Defendant Firestone Walker's Counterclaim is hereby be dismissed in its entirety, with prejudice.

4.      This Court retains jurisdiction for purposes of enforcing this Consent Judgment.  The Court's reservation of jurisdiction includes the power to amend and enlarge this Judgment in the event Defendant Firestone Walker fails to comply with any monetary or trademark term of the settlement agreement upon which the parties' stipulation for this Consent Judgment is based.

5.      Final Judgment upon consent of the parties is hereby entered in the form stated above.  No appeal shall be taken by the parties to this Consent Judgment.

**IT IS SO ORDERED. FINAL JUDGMENT UPON CONSENT OF THE PARTIES IS ENTERED AS SET FORTH ABOVE.**

DATED:  December 22, 2014

_____
Margaret M. Morrow
United States District Judge

Case 2:13-cv-09052-MMM-E   Document 36   Filed 12/22/14   Page 5 of 5   Page ID #:112

Consent Judgment